# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRIS WALTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12CV624 |
| ) | |
| COMMISSIONER MICHAEL ASTRUE, ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's Application to proceed as a pauper solely for the purpose of allowing consideration of a recommendation of dismissal.[1]

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

---

[1] Plaintiff's Application acknowledges recurring monthly income (see Docket Entry 1 at 2) and reports no recurring monthly expenses (see id. at 3). Accordingly, Plaintiff may have the capacity to pay the filing fee; however, given the recommendation of dismissal, no need exists to explore that matter further.

the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that

2

are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In considering such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954.

## PLAINTIFF'S COMPLAINT

The caption of Plaintiff's Complaint (which actually bears the heading "Amicus Brief Questions Constitutionality of the Social Security Act and Medicaid") identifies as Defendants (or, by its terms, "Respondents") the now-former Commissioner of the Social Security Administration, as well as two United States Senators and the Judiciary Committee of the United States Senate. (Docket Entry 2 at 1.) Under the sub-heading "Jurisdictional Statement & Established Case Law," the Complaint asserts, in relevant part, that:

1) "a US District Court [possesses] jurisdiction for actions at bar where the Constitutionality of Acts of Congress have been brought into question" (id.);

2) "established law from 11 previous federal Judges and 3 US Circuit Courts of Appeals is that no further modification of [Plaintiff's] SSI claim or benefits can be made under Title 42

3

Chapter 7 <u>Social Security Act</u> without the matter being reviewed in a USDC pursuant to Title 42 USC 405(g)(H) <u>Judicial Review</u>" (<u>id.</u> (emphasis in original));[2]

3) "the Commissioner has indicated by written letter his intention of asking for a hearing in several years and the 3 US District Court Judges Collyer, Leon, and Friedman are assigned to the case in the United States District Court for the District of Columbia Civil 09-0956" (<u>id.</u>);[3]

4) "the United States Supreme Court has ruled that parties such [a]s [Plaintiff] are entitled to attend hearings as a matter of due process" (<u>id.</u>); and

5) "<u>US Supreme Court Ruling Theresa Schiavo-Schindler, et al. v. Michael Schiavo, et al.</u> protects the rights of patients to choose their medical treatment over the objection of medical or government officials" (<u>id.</u> at 2 (emphasis in original)).

---

[2] On this point, the Complaint refers to "Exhibit A." (<u>See</u> Docket Entry 2 at 1.) The Complaint, in fact, does contain a "Plaintiff Exhibit A Orders of Several US Courts," which appears to refer to rulings by the United States Supreme Court and the United States Courts of Appeals for the Fifth, Tenth, and District of Columbia Circuits in four cases Plaintiff instituted against the Social Security Administration. (<u>See</u> <u>id.</u> at 5.)

[3] That case number corresponds to a case in which "Plaintiff ask[ed] th[e] [c]ourt 'to consider whether the Social Security Commissioners and other third parties [sic] ongoing questions violated Title 18 USC 402 Contempt,'" <u>Walters v. Astrue</u>, Civil Action No. 09 0956, 2009 WL 1438238, at *1 (D.D.C. May 21, 2009) (unpublished) (Collyer, J.) (quoting Plaintiff's complaint therein), <u>aff'd</u>, 575 F.3d 724 (D.C. Cir. 2009), which case that court "dismissed for lack of subject matter jurisdiction," <u>id.</u>

4

Under the sub-heading "Cause of Action US Inability To Govern Creates Challenges to The Constitutionality of the Social Security Act & Medicaid" (id.), the Complaints states, as appears pertinent, the following:

1) "11 US Judges and 3 US Circuit Courts of Appeals have ruled that the only place Questions, changes, or modification of benefits concerning [Plaintiff's] SSI claim can be considered is when the Commissioner of Social Security files a timely action pursuant to Title 42 USC 405(g)(H) Judicial Review" (id. (emphasis in original) (citing Ex. A));

2) Plaintiff "made a timely request for Medicaid benefits on Guilford County along with Social Security Awards letters and as in 2009 Guilford County has declined to either issue the required benefits or communicate a reply" (id.);

3) "[a]lthough [Plaintiff] has no right to otherwise vend, dispense, or practice law in SSI law over the last 20 years we have many public and private interest attempting to question the rule of law who have generated hundreds of megabytes of data over the last 20 years as cited in the Exhibit C the CD Rom submitted as Evidence and Testimony to Congress Exhibit B" (id.);[4]

---

[4] The Complaint does have a "Plaintiff Exhibit C," which consists of a copy of a letter from Plaintiff to "Guilford County Department Social Services" seeking "reissu[ance] [of his] Medicaid Card" (Docket Entry 2 at 6) and a letter Plaintiff purportedly received from the Social Security Administration regarding his entitlement to certain benefits (id.). Plaintiff also appended to the Complaint an "Exhibit B," which appears to consist of a copy of

5

4) "since 2007 [Plaintiff] has expended an estimated $70,000 responding to 3rd party questions which the Courts have repeatedly ruled have no basis in US law" (id.);

5) "[a]side from massive violations of <u>Title 18 USC 1509 Obstruction of Court ORDERS</u> and violations of <u>Title 18 USC 402 Contempt</u> the various 3rd parties have demanded [Plaintiff] a person with cancer 'slap a cop to get food stamps'; called across sections of the US asking to have [Plaintiff] denied treatment for cancer; denied treatment for blood clots; and other ailments and committed other actions which easily violate the United Nations Treaties on Human Rights and Genocide" (id. at 2-3 (emphasis in original));

6) "it appears that some of the 3rd parties involved are attempting to create precedents or challenges to Title 42 USC Chapter 7 Social Security Act so as to diminish the authority of

---

a letter from Plaintiff to a now-former Chief of Staff for the President and to a United States Senator, regarding Social Security and Medicaid, as well as purported documentation of Federal Express, United States Mail, or facsimile deliveries to numerous government officials. (Id. at 7.) Finally, Plaintiff submitted with the Complaint a CD-ROM; according to its cover, Plaintiff "[a]uthor[ed]" the CD-ROM and it "contains operational audits and surveys of programs operated by the US Department of HUD; Social Security Administration; Homeland Security; from 1986-2012 which was [sic] used in the creation of 3 federal statutes." (Id. at 9.) Portions of the Complaint apparently cite to files on the CD-ROM, which purportedly address, inter alia, "US law," "Denial of Medical Benefits & Abuse of Social Security," "Abuse of power," "US political patronage systems," "Genocide at US Department of HUD," the "Homeless Act" and "Non Profit Law," as well as "inadequate administration of justice or lack of leadership in the 4th US Circuit Court of Appeals and USDC, MDC." (See id. at 2-5.)

6

the Social Security Commissioner in favor of state's rights" (id. at 3);

7) "many of the apparent violations of International Law at Bar appear to occur in and around the US political patronage systems where for instance we have political interest currently spending $8 Billon [sic] the [2012] presidential race" (<u>id.</u>); and

8) "extensive service of process has been provided to the US Congress to address the questions at bar" (<u>id.</u> (citing Ex. B)).

Next, under the respective sub-headings "Question of Constitutionality of the Social Security Act & Medicaid" and "Question of Constitutionality of Title 42 USC 11301 Homeless Act & Title 26 USC 503c(3) Aka Non Profit Law," the Complaint alleges:

> Baring [sic] miscommunications, inadvertence, or accident on the part of Guilford County Department of Social Services the refusal to issue Medicaid Benefits is pretty much another slap in the face to every Federal Judge in 3 US Circuit Courts of Appeals who have ruled in the family of cases <u>Walters V Asture</u>. The Court and Honorable Members of Congress are asked to consider that ongoing and routine challenges to the rule of law void the legality of the Social Security by denying [Plaintiff] the equal protection of the law. As a mere client of the Social Security Administration [Plaintiff] is not required to take time and limited resources away from serious medical problems to resolve ongoing problems with the Administration of the Social Security Administration.
>
> . . . .
>
> The Court and Honorable members of the US Senate are asked to noted [sic] a large number of the events involving unlawful communication to [Plaintiff] or tampering originate with various vendors of The US Department of HUD seeking to sell low income housing. Neither the Secretary of HUD nor any of his numerous

7

representatives are named as parties of record in any
action of law styled <u>Walter V Asture or SSA</u>. Lacking any
standing to vend, dispense, or practice law in these
venues the Court is asked to void the Homeless Act and
Non profit Statute as being in conflict with Federal
Rules of Civil and Appellate Procedure and due and equal
protection of the laws of the United States. The Court
is also asked to note recommendation to the Office of
International Prosecutor to prosecute any Officer, Agent,
or representative of the United States engaged in
compelling a citizen to move as an act of Genocide[.]

(<u>Id.</u> at 4.)

Finally, under the sub-heading "Discussion Impeachment of Judges in US District Court, MDC and 4th US Circuit Court of Appeals and Proposed Restructuring of the Courts," the Complaint declares:

[T]he inadequate administration of justice or lack of
leadership in the 4th US Circuit Court of Appeals and
USDC, MDC has resulted in misuse of various state and
federal programs for Genocide; challenges to <u>Smith v
Bounds</u> as a question of prisoners [sic] rights to
counsel; enough serial stalking of [Plaintiff] so as to
help write the Antispyware Act of 2005; aided the
terrorist who attacked the World Trade Center to create
a long term base of operations in the Triad; interception
of ORDERS Of US Circuit Courts of Appeals and other
matters outside the bounds of United States Law. The US
Senate Committee on the Judiciary might agree that the
Middle District of North Carolina more closely resembles
a 3rd world banana republic than a State in the United
States. The restricting of the US District Court for the
Middle District of North Carolina and the 4th US Circuit
Court of Appeals might proceed on the basis of returning
these jurisdictions to the firm and complete control of
the United States. As an alternate to Impeach of [sic]
retirement of Judges it might be suggest [sic] some
jurist might be reassigned to Other US District Courts
where they [sic] might serve in a more effective
capacity.

(<u>Id.</u> at 4-5.)

DISCUSSION

Another federal court recently took note that "[a] review of the Pacer database indicates that [Plaintiff] has filed over 50 frivolous complaints and appeals, mostly involving the Social Security Administration ('SSA'), Congressmen, and the homeless shelters or charitable/medical facilities in which he stays, in [various] Districts across the United States." Walters v. Colvin, No. 13cv247 JAP/GBW, at 3 (D.N.M. Apr. 11, 2013) (unpublished), aff'd, ___ F. App'x ___, 2013 WL 3988563 (10th Cir. Aug. 6, 2013). Said court further documented that "federal courts have expended extensive judicial resources explaining to [Plaintiff] why his complaints are frivolous." Id. at 4 (citing, for example, cases from federal courts in Montana, New York, Washington, Idaho, and Florida). Moreover, said court observed that, in the case before it, as in previous cases, Plaintiff proceeded based on "the misapprehension that [said] [c]ourt [had] rendered a decision on the merits of his case [against the Social Security Administration] . . . . [However, said] [c]ourt has never determined whether [Plaintiff] has the right to any social-security benefits." Id. at 5 (internal citation and quotation marks omitted). Finally, said court stated that Plaintiff's filings therein included "several delusional statements . . . [and] wholly failed to state a cognizable cause of action . . . ." Id. at 5-6. As a result, it "dismiss[ed] [Plaintiff's] complaint as frivolous." Id. at 6; see

9

also id. at 7 (ordering Plaintiff to "show cause . . . why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous complaints and other documents"); Walters v. Colvin, No. 13cv247 JAP/GBW (D.N.M. May 1, 2013) (unpublished) (imposing such filing restrictions).

As detailed in the preceding subsection, the Complaint filed by Plaintiff in this case suffers from the same sort of flaws as did his filings in federal court in New Mexico (and elsewhere). Accordingly, in the words of another federal court that recently confronted a similarly "disorganized" pleading by Plaintiff featuring "incomprehensible allegations," Walters v. Leahy, No. CV 12-184-M-DLC-JCL, 2013 WL 66926, at *1 (D. Mont. Jan. 4, 2013) (unpublished), Plaintiff's instant Complaint is

> "frivolous" as that term is defined above [in the Legal Background subsection]. The . . . summary of [Plaintiff's] allegations presented above [in the immediately preceding subsection] reflect[s] that his claims are fanciful, delusional, or fantastic. His allegations present irrational and illogical claims which fail to provide any comprehensible factual basis and, therefore, are wholly incredible. He presents no plausible underlying factual basis for his conclusory factual assertions . . . . Consequently, . . . this action is subject to dismissal.

Id. at *3; see also Seymour v. United States Dep't of Defense, No. 10CV983JLS(JMA), 2011 WL 761547, at *4 n.5 (S.D. Cal. Feb. 24, 2011) (unpublished) (citing numerous cases in support of proposition that "[i]nsubstantial and frivolous conspiracy theory

10

claims like Plaintiff's are routinely dismissed as frivolous" (internal brackets and quotation marks omitted)).[5]

## CONCLUSION

"[A]pply[ing] common sense," Nasim, 64 F.3d at 954, the undersigned Magistrate Judge concludes that Plaintiff's Complaint depends entirely on "allegations that are fanciful, fantastic, and delusional . . . [and which] rise to the level of the irrational or the wholly incredible," Denton, 504 U.S. at 32-33 (internal citations and quotation marks omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

                                             /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                **United States Magistrate Judge**

October 24, 2013

---

[5] Shortly after instituting this action, Plaintiff filed a Notice in which he stated that, due to his inability to secure Medicaid benefits in North Carolina, "a move to another venue seems the best option." (Docket Entry 4 at 2.) In light of the recommendation of dismissal, the Court need not consider the propriety of transfer.

11